

FILED FOR FILING STATE COURT CLERK CHATHAM CO. GA. 8/21/2020 4:17PM

## *In The State Court of Chatham County*

**MAILING ADDRESS: P.O. BOX 9927,**   SAVANNAH, GEORGIA  31412

**133 Montgomery Street, Suite 501**

www.statecourt.org   •   Phone (912) 652-7224   •   FAX (912) 652-7229   •   clerk@statecourt.org

| | |
|---|---|
| **SANDRA GRAY,** | STCV20-01430 |
| Plaintiff | **Case Number** |
| **Vs** | |
| **OLIVE GARDEN HOLDINGS, LLC,** | Address of Defendant |
| | c/o Registered Agent, Corporation Creations Network, Inc. <br> 2985 Gordy Parkway, 1st Floor <br> Marietta, Cobb County, Georgia 30006 |
| Defendant | |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT: Olive Garden Holdings, LLC

Defendant's Address 11333 Abercorn Street, Savannah, Chatham County, Georgia 31419

**You  are  hereby summoned  and  required to file** with the Clerk of said Court and serve upon Plaintiff's Attorney,

whose name and address is:

William J. Degenhart
Morgan & Morgan
25 Bull Street, 4th Floor
Savannah, GA  31401

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service.  If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

*Brian K. Hart*

This  21st   day of   August  , 20 20

**CLERK OF COURT**
**State Court of Chatham County**

/s/ Monisha Green

Deputy Clerk, State Court of Chatham County

Not valid until
signed and sealed
by a Deputy Court
Clerk

27. Summons 09-0

EXHIBIT A

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SANDRA GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: STCV20-01430 |
| | ) |
| OLIVE GARDEN HOLDINGS, LLC, | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff, SANDRA GRAY, and states her Complaint for Damages against

Defendant Olive Garden Holdings, LLC, as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff Sandra Gray is a citizen and resident of the State of Georgia.

2.

The incident that is the subject of this cause of action occurred at Defendant Olive

Garden Holdings, LLC's restaurant, The Olive Garden, located at 11333 Abercorn Street,

Savannah, Chatham County, Georgia 31419.

3.

Defendant Olive Garden Holdings, LLC (hereinafter "Defendant") is a foreign limited

liability company authorized to do business in the State of Georgia, with its principal office

located in Orlando, Florida, and is subject to the jurisdiction of this Court. Defendant maintains

offices and transacts business in Chatham County, Georgia, the county in which this cause of

action originated. Venue as to this Defendant is proper in Chatham County, Georgia pursuant to

O.C.G.A. § 14-2-510 as the tortious conduct alleged herein occurred in Chatham County,



Georgia. Defendant may be served by issuing Summons and a second original of this Complaint to its registered agent for service, Corporation Creations Network, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, Georgia 30006.

4.

Venue in the present case is proper in Chatham County, Georgia.

## FACTUAL ALLEGATIONS

5.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 4 above as if they were restated verbatim.

6.

At all times material hereto, Defendant owned and/or operated the property located at approximately 11333 Abercorn Street, Savannah, Chatham County, Georgia 31419 (hereinafter "Olive Garden"), and as such possessed said property with the intent to occupy and control it and held it open to the public for business purposes.

7.

On August 7, 2019 Defendant was in legal possession of The Olive Garden.

8.

On or about August 7, 2019, Defendant was operating a restaurant, The Olive Garden, at the aforementioned location.

9.

On or about August 7, 2019, Plaintiff entered The Olive Garden for the purpose of dining therein.

10.

On or about August 7, 2019, upon entering The Olive Garden for the purpose of dining therein, Plaintiff assumed the legal status of an invitee as the term is defined and codified under Georgia Law.

## COUNT I

### *Negligence of Defendant Olive Garden Holdings, LLC*

11.

Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 10 above as if they were restated verbatim.

12.

On or about August 7, 2019, Plaintiff was an invitee at The Olive Garden.

13.

As Plaintiff was walking past the hostess stand at The Olive Garden, her foot caught on a sticky substance, causing her to fall to the floor.

14.

As a result of the aforementioned fall, Plaintiff suffered serious injuries.

15.

At all times relevant hereto, Defendant owned and/or managed and/or operated The Olive Garden and owed a legal duty of reasonable care to invitees to inspect and keep the premises in a safe condition and to warn Plaintiff of hidden dangers or defects that were not discoverable in the exercise of reasonable care.

16.

At all times relevant hereto, The Olive Garden, by and through their employees, had


actual and/or constructive knowledge of the hazardous condition of the sticky floor prior to Plaintiff's fall.

17.

At all times relevant hereto, Plaintiff had no knowledge of the unsafe and dangerous condition of the floor of The Olive Garden, and it was not discoverable by Plaintiff in the exercise of reasonable and ordinary care.

18.

At all times relevant hereto, Plaintiff exercised reasonable care for her own safety.

19.

At all times relevant hereto, Defendant breached its duty of reasonable care in one or more of the following manners:

    a)    Defendant failed to inspect The Olive Garden for dangerous conditions;

    b)    Defendant failed to warn patrons of a dangerous condition they knew or should have known existed at The Olive Garden; and

    c)    Defendant failed to clean up said dangerous condition on the floor of The Olive Garden when they knew or should have known said conditions existed.

20.

As a result of the foregoing, Defendant breached its legal duty to Plaintiff in violation of O.C.G.A § 51-3-1.

21.

As a direct and proximate result of the aforesaid breaches of duty and negligence by Defendant, Plaintiff tripped on a sticky substance and fell on the floor, suffering personal injuries. Plaintiff has suffered injuries and damages including, but not limited to, past medical



expenses, future medical expenses, and past, present, and future physical pain and suffering.

22.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendant in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendant Olive Garden Holdings, LLC to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendant Olive Garden Holdings, LLC as provided by law;

(c) That the Court award and enter a judgment in favor of Plaintiff and against Defendant Olive Garden Holdings, LLC for compensatory damages in an amount to be proven at trial;

(d) That Plaintiff have a trial by a jury as to all issues; and

(e) That Plaintiff have such other and further relief as the Court may deem just and proper.

This 21st day of August, 2020.

/s/ *William J. Degenhart*
William J. Degenhart
Georgia Bar No. 384018
*Attorney for Plaintiff*

**MORGAN & MORGAN**
25 Bull Street, Suite 400
Savannah, Georgia 31401
T: (912) 443-1000
F: (912) 443-1104
wdegenhart@forthepeople.com

SHERIFF'S ENTRY OF SERVICE   COBB COUNTY SHERIFF

Civil Action No. STCV20-01430

11240

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☒ | Probate Court ☐ |
| Juvenile Court ☐ | |

Date Filed 08/21/2020

Georgia, CHATHAM                COUNTY

SANDRA GRAY

Attorney's Address

William Jav Deaenhart. Esa.

MORGAN & MORGAN.25 BULL ST.. 4TH

SAVANNAH. GA 31401

Name and Address of Party to Served

OLIVE GARDEN HOLDINGS. LLC c/o Rea. Agt.

Corporation Creations Network. Inc.

2985 Gordy Parkwav. 1st Floor

Marietta, GA 30006

_____ Plaintiff

VS.

OLIVE GARDEN HOLDINGS. LLC

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

I have this day served the defendant _____ personally with a copy

☐ of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving a

copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:

age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of

defendant.

**CORPORATION**

Served the defendant Olive Garden Holdings LLC                a corporation

✓ by leaving a copy of the within action and summons with Corporate Creations Network Inc.

In charge of the office and place of doing business of said Corporation in this County.
CD: Anne Moore

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an

☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant _____

☐ not to be found in the jurisdiction of this Court.

This 8 day of September, 2020

DEPUTY

Lt Padgett #405
CCSO 97041

Cobb County Sheriff's Office
185 Roswell Street
Marietta, Ga
EXHIBIT B

RECEIVED FOR FILING IN STATE COURT OF CHATHAM CO. GA. 11/13/2020 2:21 PM
*Bria*n *A. Hart* - Clerk of Court

# IN THE STATE COURT OF CHATHAM COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| SANDRA GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: STCV20-01430 |
| OLIVE GARDEN HOLDINGS, LLC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## CONSENT MOTION TO ADD AND DROP PARTIES

COME NOW, Plaintiff and Defendant by and through counsel, and respectfully request an

order dismissing Improperly Named Defendant Olive Garden Holdings, LLC, and adding GMRI,

Inc. pursuant to O.C.G.A. §§ 15 & 21.

WHEREFORE, the Plaintiff and Defendant respectfully request that this Motion be granted

and this Court enter an Order:

(1) Allowing Plaintiff to identify and join GMRI, Inc. as a Defendant;

(2) dismissing Improperly Named Defendant Olive Garden Holdings, LLC without prejudice;

(3) ordering the Plaintiff to amend and serve her original Complaint; and

(4) amending the caption of this action accordingly.

Respectfully submitted, this 13th day of November 2020.

| | |
|---|---|
| */s/ William J. Degenhart (with express permission by Michael Becker)* | */s/Michael Becker* |
| **WILLIAM DEGENHART, ESQ.** | **KIMBERLY SHERIDAN, ESQ.** |
| Georgia Bar Number 384018 | Georgia Bar Number 061028 |
| COUNSEL FOR PLAINTIFF | **MICHAEL M. BECKER, II, ESQ.** |
| **MORGAN & MORGAN.** | Georgia Bar Number 529479 |
| 25 Bull Street, Suite 400 | COUNSEL FOR DEFENDANT |
| Savannah, Georgia 31401 | **VERNIS & BOWLING OF ATLANTA, LLC** |
| | 30 Perimeter Park Drive, Suite 200 |
| | Atlanta, Georgia 30341 |

EXHIBIT C

**IN THE STATE COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SANDRA GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.: STCV20-01430 |
| OLIVE GARDEN HOLDINGS, LLC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**<u>ORDER</u>**

It appearing to this Court that Plaintiff has learned that Olive Garden Holdings, LLC is not a proper defendant, and that GMRI, Inc. is a proper defendant, and the parties having consented to the same, it is hereby ORDERED:

1. that GMRI, Inc. shall be added as a named Defendant;

2. Olive Garden Holdings, LLC shall be dismissed from this lawsuit without prejudice;

3. hereafter this action shall proceed under the caption "Sandra Gray v. GMRI, Inc.;"

4. GMRI, Inc. shall not be properly joined to this action unless and until Plaintiff files an Amended Complaint that names GMRI, Inc. therein, and obtains proper service of process upon GMRI, Inc. within 30 days of the entry of this Order; and

5. if GMRI, Inc. is not properly joined and served with process including an Amended Complaint as set forth in this Order within 30 days of the entry of this Order, this action shall stand automatically dismissed without prejudice as to GMRI, Inc.

SO ORDERED this _____ day of _____, 2020.

_____
_____, Judge
State Court of Chatham County, Georgia

EXHIBIT C

Presented by:

**VERNIS & BOWLING OF ATLANTA, LLC**

*/s/Michael Becker*
**Kimberly Sheridan, Esq.**
Georgia Bar Number 061028
**Michael Becker, Esq.**
Georgia Bar No.  529479

EXHIBIT C

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

SANDRA GRAY,                                    )
                                               )
       Plaintiff,                          )
                                               )
v.                                             )
                                               )    Civil Action No.: STCV20-01430
OLIVE GARDEN HOLDINGS, LLC.,                   )
                                               )
       Defendant.                          )
_____                 )

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served opposing counsel with the foregoing

***Consent Motion to Add and Drop Parties*** and ***Proposed Order*** via e-file addressed to:

      William Degenhart, Esq.
      Morgan & Morgan
      25 Bull Street, Suite 400
      Savannah, Georgia 31401

Respectfully submitted this the 13th day of November 2020.

                 Vernis & Bowling of Atlanta, LLC

                 */s/Michael Becker*_____
                 Kimberly Sheridan, Esq.
                 Georgia Bar No.: 061028
                 Michael Becker, Esq.
                 Georgia Bar No.:  529479
                 *Attorneys for Defendant*

30 Perimeter Park Drive, Suite 200
Atlanta, GA 30341
(404) 846-2001; (404) 846-2002 (Fax)
ksheridan@georgia-law.com
mbecker@georgia-law.com

EXHIBIT C

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

SANDRA GRAY,           )
                                   )
       Plaintiff,         )
                                   )
v.                           )
                                 )   Civil Action No.: STCV20-01430
OLIVE GARDEN HOLDINGS, LLC.,  )
                                 )
       Defendant.        )
_____)

### ORDER

It appearing to this Court that Plaintiff has learned that Olive Garden Holdings, LLC is not a proper defendant, and that GMRI, Inc. is a proper defendant, and the parties having consented to the same, it is hereby ORDERED:

1. that GMRI, Inc. shall be added as a named Defendant;

2. Olive Garden Holdings, LLC shall be dismissed from this lawsuit without prejudice;

3. hereafter this action shall proceed under the caption "Sandra Gray v. GMRI, Inc.;"

4. GMRI, Inc. shall not be properly joined to this action unless and until Plaintiff files an Amended Complaint that names GMRI, Inc. therein, and obtains proper service of process upon GMRI, Inc. within 30 days of the entry of this Order; and

5. if GMRI, Inc. is not properly joined and served with process including an Amended Complaint as set forth in this Order within 30 days of the entry of this Order, this action shall stand automatically dismissed without prejudice as to GMRI, Inc.

SO ORDERED this *18* day of *November*, 2020.

_____, Judge
State Court of Chatham County, Georgia

Presented by:

**VERNIS & BOWLING OF ATLANTA, LLC**

 */s/Michael Becker*
**Kimberly Sheridan, Esq.**
Georgia Bar Number 061028
**Michael Becker, Esq.**
Georgia Bar No.  529479

EXHIBIT D

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

SANDRA GRAY,                          )
                                      )
      Plaintiff,                    )
                                      )
v.                                    )    Civil Action No:  STCV20-01430
                                      )
GMRI, INC.,                           )
                                      )
      Defendant.                    )
_____       )

## <u>WAIVER OF SERVICE</u>

Pursuant to O.C.G.A. § 9-11-4(d), Defendant GMRI, Inc. ("Defendant") waives service of Summons and Complaint in this action.  By this Waiver, the Defendant agrees to save the cost of service of the Summons and an additional copy of the Complaint in this lawsuit by not requiring that it be formally served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.   The Defendant expressly reserves and retains all defenses or objections to the Plaintiff's Complaint or discovery requests, or to the jurisdiction or venue of the Court, except for defenses based on a defect in the sufficiency of process or service of process. The Defendant understands that a judgment may be entered against him if an Answer is not served upon the Plaintiff within 60 days after the date of this Waiver.

Pursuant to O.C.G.A. §§ 9-11-4(d) and 9-11-4(h), Defendant shall have 60 days after returning this Waiver to file an Answer to the Plaintiff's Complaint; provided, however, that if Plaintiff does not file this Waiver with the Court within 5 business days after Defendant returns this Waiver, the time to answer shall not begin to run until the date Plaintiff makes proof of service by filing this Waiver with the Court.

Further, pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, if any written discovery requests were served upon the Defendant simultaneously with the Plaintiff's Complaint, Defendant shall have an additional 15 days after the date for answering the Plaintiff's Complaint in which to respond to any and all discovery requests, including interrogatories, requests for admission, and requests for production of documents.

Respectfully submitted, this 7th day of December, 2020.

Vernis & Bowling of Atlanta, LLC

*/s/  Michael Becker*
Kimberly Sheridan, Esq.
Georgia Bar No.: 061028
Michael Becker, Esq.
Georgia Bar No.:  529479
*Attorneys for Defendant*

30 Perimeter Park Drive, Suite 200
Atlanta, GA 30341
(404) 846-2001
(404) 846-2002 (Fax)
ksheridan@georgia-law.com
mbecker@georgia-law.com

EXHIBIT E

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the within

and foregoing ***Waiver of Service*** via statutory electronic service, and addressed as follows:

William J. Degenhart, Esq.
Morgan & Morgan
25 Bull Street, Suite 400
Savannah, GA 31401

Respectfully submitted, this the 7th day of December, 2020.

Vernis & Bowling of Atlanta, LLC

*/s/ Michael Becker*
Kimberly Sheridan, Esq.
Georgia Bar No.: 061028
Michael Becker, Esq.
Georgia Bar No.: 529479

30 Perimeter Park Drive, Suite 200
Atlanta, Georgia 30341
(404) 846-2001
(404) 846-2002 (Fax)
ksheridan@georgia-law.com
mbecker@georgia-law.com

EXHIBIT E

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

SANDRA GRAY,                        )
                                    )
      Plaintiff,                    )
                                    )
v.                                  )
                                    )   Civil Action No.: STCV20-01430
GMRI, INC.,                         )
                                    )
      Defendant.                    )
_____     )

## GMRI, INC.'S ANSWER TO PLAINTIFF'S
## AMENDED COMPLAINT AND JURY DEMAND

COMES NOW GMRI, INC., defendant in the above-styled action ("Defendant") and submits this its Answer and Demand for Jury Trial and shows this honorable Court as follows:

### FIRST DEFENSE

The Plaintiff's Amended Complaint fails to state a claim against the Defendant upon which relief can be granted, and, therefore, Plaintiff's Amended Complaint should be dismissed.

### SECOND DEFENSE

The Plaintiff's Amended Complaint should be dismissed on the grounds that Defendant breached no duty owed to the Plaintiff.

### THIRD DEFENSE

No acts or omissions of the Defendant proximately caused the occurrence at issue in this litigation or any damages alleged by the Plaintiff and, therefore, the Plaintiff's Amended Complaint should be dismissed.

### FOURTH DEFENSE

Defendant shows that it was not negligent in any manner whatsoever in connection with the alleged injuries of the Plaintiff.

## FIFTH DEFENSE

Defendant shows that, even if it were negligent, which it specifically denies, Plaintiff herself was negligent and such negligence was equal to or greater than the alleged negligence on the part of said Defendant and for this reason the Plaintiff's cannot recover against said Defendant.

## SIXTH DEFENSE

Defendant shows that, even if it were negligent, which it specifically denies, some of the harms complained of by this Plaintiff were the direct result of her own failure to mitigate her damages as required by law and that as a result, and for this reason, the Plaintiff cannot recover against said Defendant.

## SEVENTH DEFENSE

The Plaintiff's Amended Complaint should be dismissed against said Defendant on the grounds that the alleged injuries of Plaintiff were caused by intervening and superseding causes over which said Defendant had no control and, therefore, the Plaintiff cannot recover from said Defendant.

## EIGHTH DEFENSE

Defendant incorporates herein by reference all affirmative defenses set forth in O.C.G.A. §§ 9-11-8(c) and 9-11-12(b) not set forth herein above to the full extent applicable and asserts on the grounds of said affirmative defenses that the Plaintiff's Amended Complaint should be dismissed.

## NINTH DEFENSE

Plaintiff's Amended Complaint should be dismissed inasmuch as Plaintiff's knowledge of any hazard was equal to or greater than that of Defendant and that Plaintiff, in the exercise of

ordinary care, should have avoided any alleged hazard.

## TENTH DEFENSE

If Plaintiff sustained any injuries or incurred any damages, the same were caused in whole or in part by the acts or omissions of persons other than this Defendant, over whom this Defendant had no control, or by the superseding intervention of causes outside this Defendant's control.

## ELEVENTH DEFENSE

Plaintiff's alleged damages were caused by the acts or failure to act of Plaintiff or of individuals or entities other than this Defendant. However, if this Defendant is determined to be liable, any recovery by Plaintiff should be reduced by a pro-rata amount attributable to the negligence of any other party to this action and any responsible non-parties pursuant to O.C.G.A. § 51-12-33.

## TWELFTH DEFENSE

Responding to the specific allegations of the Plaintiff's Amended Complaint, the Defendant shows the Court the following:

## **PARTIES AND JURISDICTION**

1.

Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 1 of Plaintiff's Amended Complaint and therefore denies the same.

2.

Defendant admits that the premises at issue in this lawsuit is its Olive Garden restaurant located at 11333 Abercorn Street, Savannah, Georgia 31419 (the "Subject Premises"). Defendant is without sufficient knowledge or belief to admit or deny the remaining allegations in Paragraph

No. 2 of Plaintiff's Amended Complaint and therefore denies the same.

3.

Defendant denies any tortious conduct. Defendant admits the remaining allegations contained in Paragraph No. 3 of Plaintiff's Amended Complaint

4.

Defendant admits the allegations contained in Paragraph No. 4 of Plaintiff's Amended Complaint

## **FACTUAL ALLEGATIONS**

5.

Defendant incorporates and re-alleges as if fully stated herein its responses to Paragraph nos. 1-4.

6.

Defendant denies that it owned the Subject Premises. Defendant admits the remaining allegations in Paragraph No. 6 of Plaintiff's Amended Complaint.

7.

Defendant admits the allegations contained in Paragraph No. 7 of Plaintiff's Amended Complaint.

8.

Defendant admits the allegations contained in Paragraph No. 8 of Plaintiff's Amended Complaint.

9.

Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 9 of Plaintiff's Amended Complaint and therefore denies the same.

10.

Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 10 of Plaintiff's Amended Complaint and therefore denies the same.

**COUNT I**

***Negligence of Defendant GMRI, Inc.***

11.

Defendant incorporates and re-alleges as if fully stated herein its responses to Paragraph nos. 1-10.

12.

Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 12 of Plaintiff's Amended Complaint and therefore denies the same.

13.

Defendant denies the allegations contained in Paragraph No. 13 of Plaintiff's Amended Complaint.

14.

Defendant denies the allegations contained in Paragraph No. 14 of Plaintiff's Amended Complaint.

15.

Defendant admits that it managed and operated the Subject Premises and that it generally owes a duty subject to the laws of the State of Georgia, but denies that it breached any duty. Defendant denies the remaining allegations contained within Paragraph No. 15 of Plaintiff's Amended Complaint.

16.

Defendant denies the allegations contained in Paragraph No. 16 of Plaintiff's Amended Complaint.

17.

Defendant denies the allegations contained in Paragraph No. 17 of Plaintiff's Amended Complaint.

18.

Defendant denies the allegations contained in Paragraph No. 18 of Plaintiff's Amended Complaint.

19.

Defendant denies the allegations contained in Paragraph No. 19 of Plaintiff's Amended Complaint.

20.

Defendant denies the allegations contained in Paragraph No. 20 of Plaintiff's Amended Complaint.

21.

Defendant denies the allegations contained in Paragraph No. 21 of Plaintiff's Amended Complaint.

22.

Defendant denies the allegations contained in Paragraph No. 22 of Plaintiff's Amended Complaint.

23.

To the extent that they require a response, the allegations contained in the WHEREFORE

paragraph of Plaintiff's Amended Complaint, including any prayer for relief, are denied.

24.

Any allegations not specifically admitted herein are deemed denied.

**WHEREFORE**, Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed and that all costs be taxed against Plaintiff and for any and all further relief as this Court deems just and proper.

JURY DEMAND

COMES NOW GMRI, Inc. and demands that this case be tried before a jury of twelve.

Respectfully submitted this the 5th day of February 2021.

Vernis & Bowling of Atlanta, LLC

*/s/Kimberly Sheridan*
Kimberly Sheridan, Esq.
Georgia Bar No.: 061028
Michael Becker, Esq.
Georgia Bar No.: 529479
*Attorneys for Defendant*

30 Perimeter Park Drive, Suite 200
Atlanta, GA 30341
(404) 846-2001
(404) 846-2002 (Fax)
ksheridan@georgia-law.com
mbecker@georgia-law.com

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

SANDRA GRAY,                         )
                                     )
      Plaintiff,                     )
                                     )
v.                                   )
                                     )   Civil Action No.: STCV20-01430
GMRI, INC.,                          )
                                     )
      Defendant.                     )
_____      )

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served the within and foregoing *Defendant GMRI, Inc.'s Answer To Plaintiff's Amended Complaint And Jury Demand* upon all parties by electronic filing and by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage affixed thereon to ensure delivery to:

    William J. Degenhart, Esq.
    Morgan & Morgan
    25 Bull Street, Suite 400
    Savannah, GA  31401

Respectfully submitted this the 5th day of February 2021.

                    Vernis & Bowling of Atlanta, LLC

                    */s/Kimberly Sheridan*
                    Kimberly Sheridan, Esq.
                    Georgia Bar No.: 061028
                    Michael Becker, Esq.
                    Georgia Bar No.:  529479
                    *Attorneys for Defendant*

30 Perimeter Park Drive, Suite 200
Atlanta, GA 30341
(404) 846-2001
(404) 846-2002 (Fax)
ksheridan@georgia-law.com
mbecker@georgia-law.com

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

SANDRA GRAY,                          )
                                      )
         Plaintiff,                   )
                                      )
v.                                    )   CIVIL ACTION NO.:  STCV20-01430
                                      )
GMRI, INC.,                           )
                                      )
         Defendant.                   )

**PLAINTIFF'S RESPONSES TO DFENDANT'S**
**FIRST REQUEST FOR ADMISSIONS**

COMES NOW, Plaintiff Sandra Gray, and responds to Defendant's First Request for Admissions, as follows:

1.

Admit that your Complaint alleges special damages and general damages against one or all Defendants named in this lawsuit.

**RESPONSE: Admitted.**

2.

Admit that your total alleged damages against one or all Defendants named in this lawsuit exceeds $75,000.

**RESPONSE: Plaintiff cannot admit or deny this Request, and to the extent that a Response if required, Plaintiff admits, however, Plaintiff notes that Plaintiff has sent a demand in this action for $75,000.00.**

3.

Admit that you will not accept any award of damages of $75,000 or less in this lawsuit.

**RESPONSE: Plaintiff cannot admit or deny this request. To the extent that a response is required, Plaintiff denies this request, as Plaintiff has sent a demand in this action for $75,000.00.**

4.

Admit that you waive any amount of damages entered in this lawsuit in excess of $75,000.

**RESPONSE: Denied.**

5.

Admit that the Plaintiff, Sandra Gray, is a resident of the State of Georgia as your Complaint alleges.

**RESPONSE: Admitted.**

6.

Admit that Defendant GMRI, Inc. is a resident of the State of Florida.

**RESPONSE: Admitted.**

7.

Admit that Defendant GMRI, Inc. is not liable in any respect for the damaged claimed by the Plaintiff in this case.

**RESPONSE: Denied.**

8.

Admit that Defendant GMRI, Inc. owes no damages to any party in this case as a result of the subject incident.

**RESPONSE: Denied.**

9.

Admit that you will not at any time ask a finder of fact in this matter, including either a judge or jury, to award Plaintiff damages of $75,000 or more.

**RESPONSE: Denied.**

This 1st day of June, 2021.

/s/  William J. Degenhart
William J. Degenhart
Georgia Bar No. 384018
*Attorney for Plaintiff*

**MORGAN & MORGAN**
25 Bull Street, Suite 400
Savannah, Georgia 31401
T:  (912) 443-1000
F:  (912) 443-1104
wdegenhart@forthepeople.com

## CERTIFICATE OF SERVICE

This is to certify that I have served a true and correct copy of the foregoing ***Plaintiff's***

***Responses to Defendant's First Request for Admissions*** on this date upon all counsel of record

via statutory electronic service and addressed as follows:

Kimberly Sheridan, Esq.
Michael Becker, Esq.
VERNIS & BOWLING OF ATLANTA, LLC
30 Perimeter Park Drive, Suite 200
Atlanta, GA 30341
ksheridan@georgia-law.com
mbecker@georgia-law.com
*Attorneys for Defendant*

This 1st day of June, 2021.

*/s/  William J. Degenhart*
William J. Degenhart
Georgia Bar No. 384018
*Attorney for Plaintiff*

**MORGAN & MORGAN**
25 Bull Street, Suite 400
Savannah, Georgia 31401
T:  (912) 443-1000
F:  (912) 443-1104
wdegenhart@forthepeople.com

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SANDRA GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: STCV20-01430 |
| | ) | |
| GMRI, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>NOTICE OF REMOVAL</u>

TO:   Plaintiff Sandra Gray and her attorney of record
William J. Degenhart, Esq.
Morgan & Morgan
25 Bull Street , Suite 400
Savannah, GA 31401

TO:   The Clerk of the State Court of Chatham County

PLEASE TAKE NOTICE that the undersigned has this day filed in the United States District Court, Southern District of Georgia, Savannah Division, the attached Petition for Removal, and copy of the pleadings filed in the State Court of Chatham County, Georgia, the same having been assigned Civil Action Number **TBD**.

By virtue of law, the aforesaid case is now removed and further proceedings in the State Court of Chatham County are stayed.

Respectfully submitted this the 30th day of June 2021

Vernis & Bowling of Atlanta, LLC

*/s/Kimberly Sheridan*
Kimberly Sheridan, Esq.
Georgia Bar No.: 061028
Michael Becker, Esq.
Georgia Bar No.: 529479
Jeffrey P. Raasch, Esq.

EXHIBIT H

Georgia Bar No.:  591463

30 Perimeter Park Drive
Suite 200
Atlanta, GA 30341
(404) 846-2001
(404) 846-2002 (Fax)
ksheridan@georgia-law.com
mbecker@georgia-law.com
jraasch@georgia-law.com

EXHIBIT H

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SANDRA GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No:  STCV20-01430 |
| | ) |
| GMRI, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served the within and foregoing ***Notice of Removal*** upon all parties by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage affixed thereon to ensure delivery to:

William J. Degenhart, Esq.
Morgan & Morgan
25 Bull Street , Suite 400
Savannah, GA 31401

Respectfully submitted this the 30th day of June 2021

Vernis & Bowling of Atlanta, LLC

*/s/Kimberly Sheridan*
Kimberly Sheridan, Esq.
Georgia Bar No.: 061028
Michael Becker, Esq.
Georgia Bar No.:  529479
Jeffrey P. Raasch, Esq.
Georgia Bar No.:  591463

30 Perimeter Park Drive
Suite 200
Atlanta, GA 30341
(404) 846-2001
(404) 846-2002 (Fax)
ksheridan@georgia-law.com
mbecker@georgia-law.com
jraasch@georgia-law.com